The opinion of the Court was delivered by
Lew, J.
Certain property of Francois Lacroix was seized and offered for sale by the Sheriff of the Parish of Orleans, to satisfy executions of fieri facias on judgments for City taxes. At that sale Andró Camors hid the price of $7,100, and the property was adjudicated to him. The amount due on the writs was $2,000, which sum Camors paid to tho Sheriff, retaining in his hands the balance of $5,100. Under the law, Lacroix had the right to redeem the i>roperty within a certain time, on payment in cash of the “ amount of fifty per cent, over and above the amount of the tax, and all costs incurred by the sale, and tho amount of all taxes paid since the sale.” Before the expiration of the time, within which the right of redemption could ho exercised, tho same property and the right of redeeming it ,werc seized in the ease of the Metropolitan Bank vs. F. E. Dumas and Francois Lacroix, and offered for sale, when the property and the right of redemption were adjudicated to H. St. Gez, for the sn:n of $10,00!), of which St. Gez paid $6,295.04, in cash, and $3,704.96, in tax receipts for taxes due on said property. St. Gez thou exercised the. right of. redemption and sold the property to Camors for the sum of $16,000. ■ It is admitted by the defendant that St. Gez was only a nominal party,‘and that he made tho purchase above mentioned, at the instance, for the benefit, and for the purpose of perfecting Camors’ full title to the property.
Lacroix, in his lifetime, instituted this suit for the purpose of recovering the sum of $5,100, retained by Camors on the first sale, and also the sum of $3,704, the amount paid in tax receipts on the second sale. After the death of Lacroix, his rights to this suit were sold at probate-sale and C. H. Stewart bought the same, and this suit is now prosecuted by Stewart.
*641 Tliere was judgment of the Court a qua in favor of defendants, and plaintiff has appealed.
lVe find no error in the judgment. The purchaser at the tax sale paid to the sheriff the amount called for by the writ under which the sale was made. The defendant, in the writ, had been not fully divested of his title and ownership of the property. He had, under the law, two years within which he might, on certain fixed conditions, redeem the property and have his full ownership and possession restored to him. His acceptance or receipt of the amount bidin excess of that due on the writs, would have been a ratification of the sale and would have extinguished his right to redeem. Before the expiration of the right of redemption, other judgment creditors seized this same-property, all his right, title and interest therein including the right of redemption, and the last adjudication divested him of the property and his rights therein. The purchaser stood in his shoes, was transferree of all his rights and cut him off entirely. It would be most inequitable and unreasonable if his claim in this suit were recognized.
If Lacroix had redeemed the property, it cannot, for a moment, be contended that he would have to pay to Camors the whole amount of the adjudication, including the $5,100 which Camors had never p'a-id to anybody. The very terms of the law declared what he should pay, to-wit: the amount of taxes paid and fifty per cent, additional thereon, and the costs and taxes subsequently paid. At the second sale all his right, title and interest in the property were disposed of, including the right of redemption, and we think he was, by the last sale, stripped of the property and all claims incidental to or growing out of it. The. purchaser at the first sale became also the purchaser under the second sale, and is entitled to all the- rights which Lacroix had. St. Gez, when he acquired the right of redemption, could exercise it just as Lacroix himself could have done, and did so exercise it. To require him to do or pay more, has no foundation in law, equity or justice* The Judge, a quo well urges, in his reasons for judgment, that every bidder at the sale of the right of redemption knew that, iu order to redeem the property, he would be. only compelled to pay to Camors the amount the latter had paid for it, with fifty per cent, additional, and evidence of this amount was in the public records.
It is clear that if Lacroix had, himself, redeemed, he would not have been entitled to the balance of the purchase money from Camors. He did not, it is true, so redeem, but his right of redemption was sold, and all his rights growing out of, and incidental thereto, were acquired by another who stood in his place, with all rights, no more, no less; in other words, 1ns transferree acquired and represented only the rights and powers, in that regard, which Lacroix had possessed. JEi'go, if *642 Lacroix could not, on the redemption claim the balance of the purchase price, if he redeemed, how can he do so, when he has parted with all right to redeem which has been vested in such transferree, subject to all the conditions which attached to the right when held by Lacroix.
We find no error in the judgment appealed from, which is affirmed at appellant’s costs.